IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MIGUEL R. CASTILLO,            )
                               )
Plaintiff,                     )
                               )
vs.                            )   CAUSE NO. 3:12-CV-525
                               )
SGT. NURNBERG,                 )
and A. PATINO,                 )
                               )
Defendants.                    )

## OPINION AND ORDER

Miguel R. Castillo, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 on September 17, 2012. For the reasons set forth below, the Court: (1) **GRANTS** Miguel R. Castillo leave to proceed against Sgt. Nurnberg in an individual capacity, for monetary and punitive damages, for restraining him in an Emergency Restraint Chair, for hindering his breathing, for choking him, and for leaving him in the Emergency Restraint Chair for hours in violation of the Eighth Amendment; (2) **GRANTS** Miguel R. Castillo leave to proceed against A. Patino in an individual capacity, for monetary and punitive damages, for tasering him while he was restrained in an Emergency Restraint Chair and for leaving him in the Emergency Restraint Chair for hours in violation of the Eighth Amendment; (3) **DISMISSES** all other claims; (4) **DIRECTS** the clerk to transmit the summons and USM-285 for Sgt. Nurnberg and A. Patino to the United States Marshals Service along with a copy of the

complaint and this order; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Nurnberg and A. Patino; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Nurnberg and A. Patino respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Castillo alleges that while he was being held at the LaPorte County Jail on February 10, 2012, Sgt. Nurnberg ordered him to sit in the Emergency Restraint Chair. He alleges that he,

-2-

"complied without incident." DE 1 at 3. He alleges that a spit mask was placed on his face and that Sgt. Nurnberg adjusted it so that it hindered his breathing. He alleges that Sgt. Nurnberg also choked him with one hand while he was restrained in the chair. Finally, he alleges that Deputy A. Patino tasered him three times on the neck and throat. He then remained in the chair for several hours before he was released.

The use of four-way restraints, such as the Emergency Restraint Chair described here, can be justifiable for purposes of control in response to specific instances of misbehavior. *Bruscino v. Carlson*, 854 F.2d 162, 164 (7th Cir. 1988). However, "while some form of temporary restraint may be necessary against those who pose a threat to themselves and others, [some] methods are 'too close to the rack and the screw to permit of constitutional differentiation.'" *French v. Owens*, 777 F.2d 1250, 1253-54 (7th Cir. 1985) (citations omitted). "Where a prison security measure is undertaken to resolve a disturbance . . . we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quotation marks and citation omitted).

> [O]nce restraints are initially justified, it becomes somewhat problematic as to how long they are necessary to

>meet the particular exigent circumstances which precipitated their use. The basic legal principle is that once the necessity for the application of force ceases, any continued use of harmful force can be a violation of the Eighth and Fourteenth Amendments, and any abuse directed at the prisoner after he terminates his resistance to authority is an Eighth Amendment violation. How long restraint may be continued calls for the exercise of good judgment on the part of prison officials. Once it is established that the force was applied in a good faith effort to maintain discipline and not maliciously or sadistically for the purpose of causing harm, the courts give great deference to the actions of prison officials in applying prophylactic or preventive measures intended to reduce the incidence of riots and other breaches of prison discipline.

*Williams v. Burton*, 943 F.2d 1572, 1576 (11th Cir. 1991) (citations omitted).

Based on the allegations in this complaint, it does not appear that the use of the Emergency Restraint Chair was justified for legitimate security reasons. Though Castillo admits that he was disruptive before he was ordered to sit in the chair, the fact that he voluntarily walked to the chair and sat down is an indication that he was not then a threat to himself or others. It indicates that he was not continuing to resist authority and that there were no exigent circumstances which justified the use of the Emergency Restraint Chair. If he was willing to comply with a direct order, then ordering him to get in the chair was not a good faith effort to maintain discipline and would therefore be a violation of the Eighth Amendment. Once he was in the chair and fully restrained, choking and tasering could not have been necessary to maintain or restore order. Rather, they appear to be malicious and sadistic

actions taken for the purpose of harming him. The Eighth Amendment does not permit this. While it is possible that adjusting the mask may have had a legitimate purpose and Sgt. Nurnberg may not have realized that this was restricting Castillo's ability to breathe, giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim for this too. Finally, Castillo was left in the chair for hours. Based on the facts alleged in this complaint, there does not appear to be any justified reason for keeping him in the chair. Therefore he has stated a claim for this as well.

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** Miguel R. Castillo leave to proceed against Sgt. Nurnberg in an individual capacity, for monetary and punitive damages, for restraining him in an Emergency Restraint Chair, for hindering his breathing, for choking him, and for leaving him in the Emergency Restraint Chair for hours in violation of the Eighth Amendment; (2) **GRANTS** Miguel R. Castillo leave to proceed against A. Patino in an individual capacity, for monetary and punitive damages, for tasering him while he was restrained in an Emergency Restraint Chair and for leaving him in the Emergency Restraint Chair for hours in violation of the Eighth Amendment; (3) **DISMISSES** all other claims; (4) **DIRECTS** the clerk to transmit the summons and USM-285 for Sgt. Nurnberg and A.

Patino to the United States Marshals Service along with a copy of the complaint and this order; (5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Nurnberg and A. Patino; and (6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Nurnberg and A. Patino respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: June 14, 2013**          /s/RUDY LOZANO, Judge
                                  **United State District Court**