```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION

MIGUEL R. CASTILLO,              )
                                 )
     Plaintiff,                  )
                                 )
        vs.                      )    Case No. 3:12-CV-525
                                 )
SGT. NURNBERG and                )
A. PATINO,                       )
                                 )
     Defendants.                 )
```

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Rule 60 Motion for Relief of Judgment and Order, filed by the Plaintiff, Miguel R. Castillo, on December 4, 2013. (DE #24.) For the reasons set forth below, the motion is **DENIED WITH LEAVE TO REFILE**.

BACKGROUND

Plaintiff, Miguel R. Castillo ("Castillo"), filed a *pro se* complaint on September 17, 2012. On June 14, 2013, this Court screened Castillo's complaint pursuant to 28 U.S.C. § 1915A and granted him leave to proceed against Sgt. Nurnberg and A. Patino (collectively, "Defendants") for specific alleged Eighth Amendment

violations.[1]  The United States Marshals Service was directed to effect service of process on Sgt. Nurnberg and A. Patino.  On August 1, 2013, Magistrate Judge Christopher A. Nuechterlein issued an order directing Defendants and Castillo to separately file brief status reports by September 5, 2013.  Defendants submitted their status report by the deadline; Castillo did not.  On September 17, 2013, Magistrate Judge Nuechterlein issued an order to show cause, on or before October 31, 2013, why Castillo had failed to submit his status report.  Judge Nuechterlein cautioned Castillo that if he did not respond to the order to show cause, his case could be dismissed without further notice for failure to respond to an order of the Court and for failure to prosecute.  Again, Castillo failed to respond in any way.  On November 14, 2013, this Court issued an order dismissing the case pursuant to Federal Rule of Civil Procedure 41(b) because Castillo had abandoned the case.  In its order, the Court noted that Castillo had not had any contact with the Court since October 22, 2012, and had missed two Court ordered deadlines.  Judgment was entered in this case on November 16, 2013.

On December 4, 2013, Christopher C. Myers ("Attorney Myers") entered an appearance on behalf of Castillo.  On that same day, the

---

[1] Castillo was granted leave to proceed against Sgt. Nurnberg in an individual capacity, for monetary and punitive damages, for restraining him in an Emergency Restraint Chair, for hindering his breathing, for choking him, and for leaving him in the Emergency Restraint Chair for hours, and he was granted leave to proceed against A. Patino in an individual capacity, for monetary and punitive damages, for tasering him while he was restrained in an Emergency Restraint Chair and for leaving him in the Emergency Restraint Chair for hours.  All other claims were dismissed.

instant Rule 60 Motion for Relief of Judgment and Order was filed. The motion asks the Court to reinstate the case and allow Castillo to: (1) file the overdue status report; (2) file a First Amended Complaint; and (3) "otherwise, and to conformity with the previous Orders of this Court (sic)." In his motion, Castillo (through Attorney Myers) points out that the statute of limitations does not expire on his claims until February 10, 2014. He also states the following:

> b. Plaintiff initially contacted counsel (through his brother) on or about June 20, 2013.
> c. The signed Fee Agreement was returned to counsel's office until (sic) July 10, 2013.
> d. At about the same time counsel's office was dealing with the paperwork from "Miguel R. Castillo," Plaintiff was in the process of dismissing an action brought by "Manuel Castillo", case no. 1:13-cv-47.
> e. Given the similarity of the two (2) names, "Manuel Castillo" and "Miguel R. Castillo", this case -- *Miguel Castillo v. Sgt. Nurnberg and A. Patino* -- was internally dismissed in Plaintiff's counsel's office, which is why Plaintiff's counsel failed to respond to the show cause order by October 31, 2013.

Castillo does not provide any additional evidence, argument, or analysis.

DISCUSSION

"RULE 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (2005) (quotation marks and citation omitted). Rule 60(b)(1) states that the Court may relieve a party

3

from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  The Supreme Court has defined excusable neglect as:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).  The Court noted that parties must be "held accountable for the acts and omissions of their chosen counsel . . . [and] the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Id*. at 397 (emphasis in original).  The Seventh Circuit has since made it clear that "a trial court has *discretion* to consider the equities and then determine whether a missed filing deadline attributable to an attorney's negligence is (or is not) 'excusable neglect.'" *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) (emphasis in original).  However, the Seventh Circuit has found that mere "inattentiveness to the litigation is not excusable." *Id*. at 360 (citing *Matter of Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996); see also *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (recognizing that there is a difference between "inexcusable inattentiveness or neglect" and "excusable carelessness" and noting

that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant.")

Here, Castillo's motion is devoid of any details that would allow the Court to properly analyze it under the Rule 60(b) framework described above. Attorney Myers does not provide the Court with any argument or analysis. He does not cite a single case. In fact, he does not even reference which subsection of Rule 60 he is relying on to form the basis of his motion. Attorney Myers cursorily states that his office "was dealing with the [dismissal] paperwork" of another client with a similar name "at about the same time." However, upon review of the records, the Court notes that Castillo's signed fee agreement was returned to Attorney Myers' office nearly a full month before the referenced stipulated dismissal paperwork was filed. See *Castillo v. Kovacevich*, 1:13-CV-047 TLS-RBC (DE #26).

Attorney Myers makes no mention of if, when, or how he received a copy of this Court's June 14, 2013, screening order; this Court's August 1, 2013, order requiring that status reports be filed by September 5, 2013; this Court's September 17, 2013, order to show cause why this case should not be dismissed as abandoned which specifically cautioned that if no response was received by October 31, 2013, this case would be dismissed; or this Court's November 14, 2013, order of dismissal. He does not attempt to

explain why he did not promptly enter his appearance upon receipt of the signed fee agreement. He does not submit affidavits of his staff regarding their alleged actions (or inactions) related to the internal dismissal, nor does he provide an affidavit of Castillo describing his personal diligence (or lack thereof) in attending to this case. Without evidentiary details such as these, it is impossible for the Court to balance all of the relevant circumstances surrounding the failure to comply with the Court's orders and/or to prosecute this case. Therefore, the instant motion is **DENIED WITH LEAVE TO REFILE**.[2]

CONCLUSION

For the aforementioned reasons, Plaintiff's Rule 60 Motion for Relief of Judgment and Order, filed by the Plaintiff, Miguel R. Castillo, on December 4, 2013 (DE #24) is **DENIED WITH LEAVE TO REFILE.**

DATED: December 16, 2013         /s/ RUDY LOZANO, Judge
                                 **United States District Court**

---

[2] The Court notes that the request that Castillo be allowed to file a First Amended Complaint, which is contained within the body of this motion, is improper. An improper request to amend a complaint will not be entertained by the Court. See e.g., N.D. Ind. L.R. 7-1 & 15-1. Furthermore, "[i]f the plaintiff wants to amend his complaint following the entry of judgment . . . he may do so only after a motion under Rule 59(e) or 60(b) has been granted." *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010).