# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MIGUEL R. CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:12-CV-525 |
| | ) |
| SGT. NURNBERG and | ) |
| A. PATINO, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Second Rule 60 Motion for Relief of Judgment and Order, filed by Plaintiff, Miguel R. Castillo, on December 27, 2013. (DE #26.) For the reasons set forth below, the Court: (1) **GRANTS** Plaintiff's Second Rule 60 Motion for Relief of Judgment and Order (DE #26); **VACATES** the order of dismissal and the judgment (DE's #21 & #22); **ORDERS** Attorney Christopher C. Myers to file a status report by May 8, 2014; and **DIRECTS** the clerk to send a copy of this order to the Indiana Disciplinary Commission and Miguel R. Castillo.

BACKGROUND

Plaintiff, Miguel R. Castillo ("Castillo"), filed a *pro se* complaint on September 17, 2012. On June 14, 2013, this Court

screened Castillo's complaint pursuant to 28 U.S.C. section 1915A and granted him leave to proceed against Sgt. Nurnberg and A. Patino (collectively, "Defendants") for specific alleged Eighth Amendment violations.[1]  The United States Marshals Service was directed to effect service of process on Sgt. Nurnberg and A. Patino.  On August 1, 2013, Magistrate Judge Christopher A. Nuechterlein issued an order directing Defendants and Castillo to separately file brief status reports by September 5, 2013. Defendants submitted their status report by the deadline; Castillo did not.  On September 17, 2013, Magistrate Judge Nuechterlein issued an order to show cause, on or before October 31, 2013, why Castillo had failed to submit his status report.  Judge Nuechterlein cautioned Castillo that if he did not respond to the order to show cause, his case could be dismissed without further notice for failure to respond to an order of the Court and for failure to prosecute.  Again, Castillo failed to respond in any way.  On November 14, 2013, this Court issued an order dismissing the case pursuant to Federal Rule of Civil Procedure 41(b) because Castillo had abandoned the case.  In its order, the Court noted that Castillo had not had any contact with the Court since October

---

[1] Castillo was granted leave to proceed against Sgt. Nurnberg in an individual capacity, for monetary and punitive damages, for restraining him in an Emergency Restraint Chair, for hindering his breathing, for choking him, and for leaving him in the Emergency Restraint Chair for hours, and he was granted leave to proceed against A. Patino in an individual capacity, for monetary and punitive damages, for tasering him while he was restrained in an Emergency Restraint Chair and for leaving him in the Emergency Restraint Chair for hours.  All other claims were dismissed.

2

22, 2012, and had missed two Court ordered deadlines. Judgment was entered in this case on November 16, 2013.

On December 4, 2013, Christopher C. Myers ("Attorney Myers") entered an appearance on behalf of Castillo. On that same day, Attorney Myers filed a Rule 60 Motion for Relief of Judgment and Order. (DE #24.) The Court denied the motion with leave to refile because it was devoid of any details, evidence, or argument that would have allowed the Court to properly analyze the motion under Rule 60(b). (See DE #25.) On December 27, 2013, Castillo (via Attorney Myers) refiled the Rule 60 Motion, this time including additional evidence and argument in support of his position. (DE #26.) For example, Castillo has provided the Affidavit of Shelly Landrum, the paralegal assigned to assist Attorney Myers with this case. (Aff. of Landrum, ¶¶ 1 & 3.) In her affidavit, Ms. Landrum describes how she received the signed Fee Agreement back from Castillo and opened the case file on or about July 10, 2013, but was "very engrossed" in a case with a similarly named plaintiff[2] during that same period and "confused some of the details" of the two cases. (*Id.* at ¶¶ 4 & 5.) Ms. Landrum describes how she inadvertently filed an email, which vacated all hearings and deadlines from the other case, into Castillo's file on August 6, 2013. (*Id.* at ¶ 6; see also DE #26-2.) She describes how she

---

[2] See *Castillo v. Kovacevich*, 1:13-cv-047 TLS-RBC (N.D. Ind. filed December 14, 2012).

"must have inadvertently removed all of the tasking and deadlines" associated with Castillo's case shortly after a Stipulation for Dismissal With Prejudice was filed in the other case on August 16, 2013. (*Id*. at ¶¶ 7 & 8; see also DE's #26-3 & #26-4.)  Finally, Ms. Landrum states that, on or about November 25, 2013, Attorney Myers' office was contacted by Castillo's brother regarding the Court's Rule to Show Cause order, and she subsequently printed off the full docket report for Attorney Myers.  (*Id*. at ¶ 9.)

DISCUSSION

"R<small>ULE</small> 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc*., 411 F.3d 831, 837 (2005) (quotation marks and citation omitted).  Rule 60(b)(1) states that the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect."  The Supreme Court has defined excusable neglect as:

> at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).  The Court noted that parties must be

4

"held accountable for the acts and omissions of their chosen counsel . . . [and] the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Id*. at 397 (emphasis in original). The Seventh Circuit has since made it clear that "a trial court has *discretion* to consider the equities and then determine whether a missed filing deadline attributable to an attorney's negligence is (or is not) 'excusable neglect.'" *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) (emphasis in original). However, the Seventh Circuit has found that mere "inattentiveness to the litigation is not excusable." *Id*. at 360 (citing *Matter of Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996); see also *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (recognizing that there is a difference between "inexcusable inattentiveness or neglect" and "excusable carelessness" and noting that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant.")

Here, after considering all of the evidence provided by Castillo, the Court finds that, while Attorney Myers' handling of this case file was careless, the neglect is excusable. To date, Defendants have filed nothing but an answer and a brief status report in this case, making it unlikely that significant time or resources have been spent by Defendants in defending this case. Thus, the danger of prejudice to Defendants is not great. The

delay, which was attributable, in part, to the inadvertent calendering error by Ms. Landrum, was rectified by Attorney Myers within a week and a half of discovering the error when he entered his notice of appearance and filed the initial Rule 60 motion. In the grand scheme of things, the total delay was not overly lengthy, and the potential impact on current judicial proceedings is minimal. The reason for the neglect and delay has been clarified by the submission of additional evidence. It appears as though Ms. Landrum made an honest, inadvertent error when she removed all of the tasking and deadlines associated with Castillo's case. While it is still unclear to the Court why Attorney Myers did not enter his appearance immediately following the receipt of the signed Fee Agreement from Castillo[3] (thus ensuring that notice of electronic filings by the Court would be continually received by Attorney Myers' office and likely preventing this issue altogether), the Court is willing to give Castillo the benefit of the doubt in the interests of justice. There is no indication that either Castillo or Attorney Myers acted in bad faith; in fact, it is reasonable to assume that Castillo failed to act because he believed that his case was being properly handled by Attorney Myers.[4] In sum,

---

[3] According to the submissions, the signed Fee Agreement was received and the case file was opened on July 10, 2013; the email "vacating all hearings and deadlines" in the other case was not inadvertently filed in Castillo's case until August 6, 2013, which is nearly a full month later.

[4] Castillo's brother regularly communicated with Attorney Myers' office on his behalf. (DE #27, p. 3.)

although the failure to comply with the Court's orders due to the improper handling of Castillo's case file was negligent on the part of Attorney Myers, the Court finds that such negligence may be properly considered excusable neglect in these particular circumstances.  Therefore, Castillo's Rule 60 motion is **GRANTED**.

That said, it is not for this Court to determine whether the delayed appearance of Christopher C. Myers violates the requirements of Indiana Rule of Professional Conduct 1.3 which states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."  That question is for the Indiana Disciplinary Commission.  Therefore a copy of this order will be sent to the Commission as well as Castillo.

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** Plaintiff's Second Rule 60 Motion for Relief of Judgment and Order (DE #26); **VACATES** the order of dismissal and the judgment (DE's #21 & #22); **ORDERS** Attorney Christopher C. Myers to file a status report by May 8, 2014; and **DIRECTS** the clerk to send a copy of this order to the Indiana Disciplinary Commission and Miguel R. Castillo.

**DATED: April 21, 2014**          /s/ RUDY LOZANO, Judge
                                   **United States District Court**